# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| NICHOLAS PAUL ELLIS, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PJM-23-0477 |
| CORIZON HEALTH, *et al.*, | * |
| Defendants. | * |
| | *** |

## MEMORANDUM OPINION

Nicholas Paul Ellis, formerly a State of Maryland inmate,[1] has filed suit pursuant to 42 U.S.C. § 1983, alleging delay and denial of medical care causing unnecessary pain and suffering in violation of the Eighth Amendment to the United States Constitution. ECF 1 and 5. Ellis brings this action against Defendants Corizon Health,[2] Maryland Department of Public Safety and Correctional Services ("DPSCS"), John Mengenhause, CEO Corizon Health, Mauro Sarmiento, Director Corizon Maryland, Michelle Parker, Assistant Director of Nursing Corizon Maryland, Carolyn J. Scruggs, Secretary DPSCS, Rebecca Barnhart, Prison Health Service Administrator DPSCS, Christina Lentz, Deputy Secretary, DPSCS, Casey Campbell, Warden, Roxbury Correctional Institution ("RCI"), Kellie Boward, RN, Crystal Jamison, PA, and RN Doe.[3] Ellis

---

[1] The Clerk shall update the docket to reflect Plaintiff's current address as reflected in ECF 24.

[2] The case was previously stayed as to Corizon Health due to is bankruptcy proceedings. ECF 7.

[3] Defendants Mengenhause, Parker, and Doe have not been properly served with the Complaint. As such, the Complaint is dismissed without prejudice as to these Defendants. Additionally, the Clerk shall amend the docket to reflect the full and complete names of Defendants Carolyn J. Scruggs, Kellie Boward, RN (identified on the docket as RN Kelly) and Crystal Jamison, PA (identified on the docket as PA Crystal).

seeks damages as well as an order during Corizon and DPSCS "re-vamp" medical protocols and retrain medical personnel. ECF 5.

Defendants Dr. Mauro Sarmiento, Rebecca Barnhart, RN, Kellie Boward, RN, and Crystal Jamison, PA ("Medical Defendants") have moved to dismiss the claims. ECF 16. Defendants DPSCS, Secretary Carolyn J. Scruggs, Deputy Secretary Christina Lentz, and former Warden Casey Campbell ("State Defendants") move to dismiss the claims, or in the alternative for summary judgment in their favor. ECF 18. State Defendants also filed a Motion to Seal (ECF 20), which is unopposed, and which shall be granted. Ellis sought and was granted an extension of time to respond to the dispositive motions (ECF 22 and 23) but has failed to file an opposition response.

The Court has reviewed the pleadings and will resolve the motions without a hearing. Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Medical Defendants' motion to dismiss is granted. State Defendants' motion to dismiss, or in the alternative for summary judgment, construed as a motion to dismiss is also granted.

## BACKGROUND

Ellis filed his initial Complaint on February 21, 2023 (ECF 1) naming Corizon and DPSCS as the sole Defendants.[4] ECF 1. The Court directed he file an Amended Complaint, which was received on March 24, 2023. ECF 5. In his unverified Amended Complaint, Ellis claims that on August 29, 2019, while incarcerated at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland he was seen by an unidentified physician after he was stabbed in the neck and upper back. ECF 5 at 7. The physician advised that Ellis would be given antibiotics and receive daily

---

[4] The Complaint is dated December 23, 2022 (ECF 1 at 6) and the envelope postmarked January 5, 2023 (ECF 1-1 at 1). Under the "prison mail box rule" the complaint is deemed to have been filed on December 23, 2022. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

wound care. *Id.* Ten days passed without Ellis receiving wound care or any medication: during this time Ellis complained to unidentified correctional officers and medical staff and filed sick calls slips. *Id.*

On September 20, 2019, Ellis was seen by Kellie Boward, RN. ECF 5 at 7. During the examination, Ellis advised Boward that he suffered from extreme pain, lack of sleep and had discharge form the wound. *Id.* Boward advised Ellis that he would be placed on the list for wound care and would receive antibiotics, however, he again did not receive the care prescribed. *Id.*

On September 22, 2019, Ellis filed an administrative remedy procedure (ARP) informing Warden Casey Campbell that he had an open infected wound and had not received wound care or medications. ECF 5 at 7.

On October 17, 2019, Ellis was seen by an unidentified nurse who asked him to sign off on the ARP. ECF 5 at 7. Ellis refused to sign off on the ARP and was taken to the medical department where he was seen by Crystal Jamison, PA who dressed Ellis' wound, provided him antibiotics, and put him on the wound care list. *Id.* Nevertheless Ellis did not receive follow-up wound care. *Id.*

On October 21, 2019, Ellis "notified Correctional Officer Parcell that he needed medical attention because a piece of hard plastic knife had pushed itself out of the wound to [his] neck." ECF 5 at 7. Other officers inspected Ellis' wound and the plastic and took him to medical where he was seen by the same nurse who had asked him to sign off on the ARP. *Id.* Ellis was advised that he would start wound care the next day and be seen by a physician's assistant however he was not seen again until October 24, 2019 when he received wound care. *Id.*

Ellis reports that on October 25, 27, 30, 31, November 1 and 2, 2019, no one changed his bandages. *Id.* at 8. Ellis again complained to correctional and medical staff. *Id.* He also filed sick

3

calls slips with the psychology department about his concerns because his anxiety had increased and he had problems sleeping. *Id.*

On November 15, 2019, Ellis received a response to his ARP which found that the ARP was meritorious and medical staff were reminded to adhere to time frames for scheduling follow up visits. *Id.*

## STANDARDS OF REVIEW

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all facts pleaded in the Complaint and construes them in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F. 3d 418, 420 (4th Cir. 2005); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events, do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## DISCUSSION

Medical and Correctional Defendants each assert in their motions that Ellis's claims are time barred. The Court's analysis begins and ends with Defendants' statute of limitations defense.[5]

---

[5] Because the motions will be granted holding Ellis' claims are time barred, the other

4

Section 1983 does not contain a statute of limitations. Thus, to determine whether a § 1983 claim was timely filed, courts look to the statute of limitations from the most analogous state-law cause of action. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 575 U.S. 983 (2015); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil ... cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]").

A suit filed pursuant to 42 U.S.C. § 1983 constitutes a personal injury action. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code (2020 Repl. Vol.), § 5-101 of the Courts & Judicial Proceedings Article ("C.J."). *See also* Md. Code, Cts. & Jud. Proc. Art. § 5-109(a) ("An action for damage for injury arising out of the rendering or failure to render professional services by a health care provider . . . shall be filed with the earlier of: (1) [f]ive years of the time the injury was committed; or (2) [t]hree years of the date the injury was discovered.")

"Limitations statutes ... are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md.

---

defenses raised will not be addressed.

656, 665, 464 A.2d 1020, 1026 (1983). In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, the matter of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2155 (2019). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." *McDonough*, 139 S. Ct. at 2155 (quoting *Manuel v. Joliet*, ___ U.S. ___, 137 S. Ct. 911, 920 (2017)).

A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But, accrual cannot occur until the plaintiff has (or should have) "possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122 (discussing discovery rule in the context of the Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues ... when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983). However, "the answer is not always so simple." *McDonough*, 139 S. Ct. at 2155. "Where, for example, a particular claim may not realistically be

brought while a violation is ongoing, such a claim may accrue at a later date." *Id.*

Nevertheless, "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," the so-called discovery rule is sometimes used to determine the date of accrual. *See Sheff*, 382 Md. at 244, 854 A.2d at 1275; *Frederick Road Ltd. P'ship*, 360 Md. at 95, 756 A.2d at 973. "The discovery rule acts to balance principles of fairness and judicial economy in those situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 444, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Notably, "[t]his standard ... does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc.*, 383 Md. at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351, 822 A.2d 1212, 1219 (2003); *Doe v. Archdiocese of Wash.*, 114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)).

A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and ... a diligent investigation would have revealed that the plaintiffs were victims of ... the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d at 1104 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original). Inquiry notice must be actual notice, either express or implied. *Poffenberger v. Risser*, 290 Md. 631, 637, 431 A.2d 677, 681 (1981). In Maryland, "[c]onstructive notice or knowledge will not suffice for inquiry notice." *Benjamin*, 394 Md. at 89, 904 A.2d at 529; *see Poffenberger*,

290 Md. at 637, 431 A.2d at 681.

Ellis asserts that he did not receive prescribed medical treatment e.g. regular wound care, antibiotics, and follow-up examination from August 2019 through November of 2019. Giving Ellis the most generous reading, his claim accrued at the latest on November 30, 2019. Ellis's complaint, filed on December 23, 2022, was filed beyond the statute of limitations for his federal claims. Ellis offers no explanation for the delay in filing his Complaint and does not dispute Defendants' arguments regarding the untimeliness of the Complaint. As such, Defendants' motions to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, Medical Defendants and Correctional Defendants' motions to dismiss are granted. The Complaint is dismissed as to unserved Defendants Mengenhause, Parker, and Doe. A separate Order follows.

12/13/23
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE